UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JHONATAN ZERPA ZARATE,

        Petitioner,

                                 Case No. 26-cv-766-pp
   V.

DIRECTOR SAM OLSON, MARKWAYNE MULLIN,
TODD BLANCHE, TODD M. LYONS
and SHERIFF DALE J. SCHMIDT,

        Respondents.

---

**ORDER SCREENING PETITION (DKT. NO. 1), ORDERING SERVICE ON RESPONDENT DALE J. SCHMIDT AND REQUIRING RESPONDENTS TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**

---

Petitioner Jhonatan Zerpa Zarate, a citizen of Venezuela, has resided in Appleton, Wisconsin since August 28, 2022. Dkt. No. 1 at ¶16. On April 27, 2026, Immigration and Customs Enforcement officials detained the petitioner when he reported to the ICE field office for a routine check-in appointment. Id. at ¶23. The petitioner remains in detention without having received an individualized bond hearing. Id. at ¶27. The petitioner filed a petition under 28 U.S.C. §2241, arguing that his continued detention without a hearing violates the Immigration and Nationality Act, 8 U.S.C. §1226(a) and his Fifth Amendment due process rights. Id. at ¶¶64-76. Because the petitioner has paid the $5 filing fee, the court will screen the petition under Rule 4 of the Rules Governing § 2254 Cases and will order the respondents to show cause why the court should not grant the petition.

1

## I.      Legal Standard

The petitioner filed his petition under 28 U.S.C. §2241, but asserts that §2243 requires a response "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Section 2241 of Title 28 allows the court to review the legality of the petitioner's detention. Zadvydas v. Davis, 533 U.S. 678, 688 (2001). A court reviewing a petition under §2241 applies the Rules Governing Section 2254 Cases. Chagala v. Beth, Case No. 15-C-531, 2015 WL 2345614, at *1 (E.D. Wis. May 13, 2015). The Rules Governing Section 2254 Cases supersede the deadlines in 28 U.S.C. §2243, which means that *the court* sets the time for ordering an answer or other response. Brooks v. Pollard, Case No. 13-C-0199, 2013 WL 3289078, at *2-3 (E.D. Wis. June 27, 2013). To the extent the petitioner intended to seek the expedited schedule allowed by §2243, that request is not appropriate.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides:

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

At the screening stage, a court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court.

## II.     *Habeas* Petition

The petitioner, a thirty-seven-year-old national of Venezuela, entered the United States without inspection on August 29, 2022. Dkt. No. 1 at ¶22. He

was released after a brief detention and paroled into the United States the following day. Id. Since 2022, the petitioner has lived in Appleton, Wisconsin. Id.

On April 27, 2026, ICE arrested the petitioner at a routine appointment at the ICE Field House in Milwaukee. Id. at ¶23. The Department of Homeland Security placed the petitioner in removal proceedings under 8 U.S.C. §1229a by filing a notice to appear. Id. at ¶24. The petitioner alleges that he is eligible for asylum because of a well-founded fear of political persecution and that he is filing a new application for asylum with the immigration court. Id. at ¶25.

The petitioner argues that his mandatory detention under 8 U.S.C. §1225(b)(2) violates the Immigration and Nationality Act because it does not apply to noncitizens who entered without inspection and who were later detained inside the country. Id. at ¶63. He alleges that 8 U.S.C. §1226(a) requires a bond hearing with an individualized custody determination based on the petitioner's risk of flight or dangerousness. Id. at ¶¶64-67. He further argues that, under Matthews v. Eldridge, 424 U.S. 319 (1976), his detention violates his Fifth Amendment due process rights. Id. at ¶¶68-76.

## III. Analysis

A district court may grant a petitioner's request for a writ of *habeas corpus* if the petitioner demonstrates that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. §2241(c)(3). This court has granted a petition similarly asserting that the mandatory detention of all noncitizens violates the statutory language of the Immigration and Nationality

Act. <u>Cano-Ortega v. Olson</u> <u>et al.,</u> Case No. 25-cv-1919, 2026 WL 1746898, *12 (E.D. Wis. June 17, 2026).  Specifically, the court held that §1225(b)(2)(A) applies to those noncitizens who are applicants for admission and seeking admission at the border or port of entry, and that §1226 applies to those noncitizens arrested in the interior of the country. <u>Id.</u> On the facts the petitioner has alleged, the court cannot conclude that the petitioner plainly is not entitled to relief.

The court will order the clerk's office to serve Sheriff Dale Schmidt, who has physical custody of the petitioner. The court will order the respondents to show cause why the court should not grant the petition. Unless the petitioner seeks leave to file a reply brief, the court will resolve the petition on the petition and the respondents' response to the show-cause order.

## IV.     Conclusion

The court **ORDERS** the clerk's office to promptly serve respondent Dale Schmidt.

The court **ORDERS** that within seven days of service, the respondents must show cause, in writing, why the court should not grant the petition.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4